**FILED**
**Jul 18, 2025**
**08:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| DOREEN FERGUSON, | ) | **Docket No. 2024-70-2502** |
| Employee, | ) | |
| v. | ) | **State File No. 37982-2022** |
| WEST QUALITY FOOD SERVICES, INC., | ) | |
| | ) | |
| Employer. | ) | **Judge Amber E. Luttrell** |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

West filed a motion for summary judgment arguing that Ms. Ferguson did not present evidence that her knee condition and need for knee replacement surgery arose primarily out of her employment, which is an essential element of her claim. For the reasons below, the Court holds Ms. Ferguson did not present the necessary evidence, and West is entitled to judgment as a matter of law.

### Facts

West filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03 (2024). Those facts are summarized as follows:

1. Ms. Ferguson alleged a left knee injury occurring on March 16, 2022.
2. She received orthopedic treatment from Dr. David Pearce.
3. Dr. Pearce recommended left total-knee replacement surgery.
4. Dr. Michael Calfee examined Ms. Ferguson at West's request.
5. Dr. Calfee diagnosed primary osteoarthritis and an extruded left medial meniscal tear.
6. Dr. Calfee concluded that Ms. Ferguson's primary osteoarthritis and the extruded left medial meniscal tear are not more than 50% related to the alleged accident on March 16, 2022.
7. Dr. Calfee also testified that Ms. Ferguson's need for left total-knee replacement surgery is not more than 50% medically necessary as a result of the alleged March

1

16, 2022 injury.

West cited to Dr. Calfee's deposition and argued that it is entitled to judgment as a matter of law. Ms. Ferguson did not respond to the motion. At the hearing, she stated that she has knee symptoms and needs surgery.

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, West must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Ferguson's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. *See* Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). West did both.

The essential element at issue here is causation. To prevail in a workers' compensation claim, an employee must show to a reasonable degree of medical certainty that an injury and need for treatment arose primarily out of and in the course and scope of the employment. Here, this requires a showing by a preponderance of the evidence that Ms. Ferguson's employment contributed more than 50% in causing the knee injury and need for knee-replacement surgery, considering all causes. Shown to a reasonable degree of medical certainty means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. §50-6-102(12). *See also Payne v. D & D Elec.*, 2017 Tenn. LEXIS 215, at *9 (Apr. 18, 2017).

West filed a statement of undisputed material facts containing seven statements. Because Ms. Ferguson did not respond under Rule 56, the Court considers the facts undisputed. Based on these facts, West successfully submitted affirmative evidence, through Dr. Calfee's testimony, which negated the essential element of causation of Ms. Ferguson's claim.

West also demonstrated that her evidence is insufficient to establish causation. In the scheduling order, the Court gave Ms. Ferguson until April 11, 2025, to secure any medical proof of causation and provide a copy of that proof, specifically a physician's report, to opposing counsel. West asserts that she missed the deadline, and the proof affirms that assertion as no other opinion admissible at the summary judgment stage exists in the record. Thus, the only medical opinion available at this summary judgment stage came from Dr. Calfee, and that opinion does not support causation.

2

Thus, the burden shifts to Ms. Ferguson to produce specific facts supported by citations to the record showing that a genuine issue concerning causation exists for trial. *Rye*, 477 S.W.3d at 265. She did not, as she filed no response. Thus, she did not meet her burden, and summary judgment is appropriate.

**IT IS, THEREFORE, ORDERED** as follows:

1. West's motion for summary judgment is granted, and Ms. Ferguson's claim is dismissed with prejudice.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to West Quality Food Service, Inc. or its carrier under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2023), payable to the Clerk within five days of this order becoming final.

4. West shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED July 18, 2025.**

*Amber E. Luttrell*
_____
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of this Order was sent as indicated on July 18, 2025.

| Name | First Class Mail | Email | Service sent to: |
|---|---|---|---|
| Doreen Ferguson, Employee | X | X | 7830 Main St., Enville, TN   38332 doreenferguson49@gmail.com |
| Chris G. Rowe, Employer's Attorney | | X | cgrowe@mijs.com aacollins@mijs.com |

_____
**Penny Shrum, Court Clerk**
wc.courtclerk@tn.gov

3



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*